Walker Ray WATTS, also known
as Walker Ray Watts, Jr.,
Appellant,

v.

The STATE of Texas, Appellee.

No. 09–92–228 CR.

Court of Appeals of Texas,
Beaumont.

May 26, 1993.

John D. Reeves, Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., Lufkin,
for State.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Walker Ray Watts, Jr., of aggravated sexual assault. The trial court assessed punishment at forty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant raises two points of error.

Point of error one states: "The appellant's Sixth Amendment right to be confronted with the witness against him was violated." Point of error two avers: "The appellant's right of confrontation pursuant to Article 1, Section 10, of the Texas Constitution was violated." In interpreting the confrontation clause of the state constitution, the Court of Criminal Appeals has used the same analysis employed by the United States Supreme Court in federal confrontation clause cases. *Gonzales v. State*, 818 S.W.2d 756 (Tex.Crim.App.1991) (plurality opinion). Appellant presents both points under a single argument without urging that separate standards apply to the state and federal constitutions. Therefore, we shall address both points of error together.

Appellant's victim was a ten-year-old boy. Prior to trial, the state filed a motion requesting that the testimony of the child be taken during the trial in a room other than the courtroom and viewed by the jury via closed circuit television, pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.071 (Vernon Supp.1993). During a pretrial hearing

the child's treating psychiatrist, Tom Middlebrook, testified that the child suffers from a combination of mental disorders which produce periods of psychiatric instability following periods of stress. The homosexual nature of the abuse made public testimony especially difficult. In his opinion it would best serve the child's interest for his testimony to be taken though the use of closed-circuit television. The trial court found the child would "suffer undue psychological harm" and granted the motion. The judge, the court reporter, and the attorneys for the state and the defense were present throughout the examination. Appellant posed no objection whatsoever to the testimony or the procedure employed to conduct the examination. Appellant acknowledges in his brief that he was given ample opportunity to confer with his counsel and through counsel to cross-examine the witness.

The essence of appellant's complaint on appeal, as stated in his brief, is "where the only eye witness is a child victim that the defendant's right to physically confront the child victim should override public policy concerns in protecting the victim...." The right of confrontation does not afford the right of face-to-face confrontation. *Maryland v. Craig,* 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990); *Gonzales, supra,* 818 S.W.2d at 764. The Texas Court of Criminal Appeals has held that a defendant's rights under the federal confrontation clause were not violated in a procedure like the one utilized in this case. *Hightower v. State,* 822 S.W.2d 48 (Tex. Crim.App.1991).

The record supports the trial court's finding that the child would suffer undue psychological harm by face-to-face confrontation. Appellant did not object to the use of closed-circuit television at the time of trial, thus failed to preserve any objection. TEX.CODE CRIM.PROC.ANN. art. 1.14(a) (Vernon Supp.1993); TEX.R.CRIM.EVID. 103(a); TEX.R.APP.P. 52(a). Since Article 38.071 is not facially unconstitutional, a timely objection is necessary to preserve a complaint of denial of confrontation. *Briggs v. State,* 789 S.W.2d 918 (Tex.Crim.App.1990) (case decided under former version of Article 38.071).

Appellant goes on to complain that the trial court admitted inadmissible hearsay testimony. Appellant does not address a point of error to the admission of evidence, so appellant has limited his complaint to the denial of his right to confront witnesses. He complains that Dr. Middlebrook was not the first outcry witness as defined in TEX.CODE CRIM.PROC.ANN. art. 38.-072 (Vernon Supp.1993), but Middlebrook was present at trial and thus available for confrontation. Appellant claims that Middlebrook's colleague, a therapist named Gary Ikener, was the first outcry witness. Ikener was not called to testify. Appellant has utterly failed to present to this Court how he was deprived of any constitutionally protected right. Nothing in the record suggests appellant could not have subpoenaed Ikener. Since appellant did not object to Middlebrook's testimony on the grounds that he was not the first outcry witness, he cannot complain on appeal if the trial court considered Middlebrook's testimony in determining whether the child was available to testify for Article 38.071 purposes. Furthermore, the trial court's finding that Middlebrook was the first outcry witness is supported by Middlebrook's testimony that the child first confirmed the sexual assault and confided the details of the offense to him rather than to Ikener. *Garcia v. State,* 792 S.W.2d 88 (Tex.Crim.App.1990). We find no error in the court below. Points of error one and two are overruled. The judgment is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

TEX.CODE CRIM.PROC.ANN. art. 38.071 (Vernon Supp.1993) is limited in scope and applies only to a proceeding in the prosecution of an offense defined by certain sections of the Penal Code. The offense must have been alleged to have been committed against a child of twelve years of age or younger. The article deals with and applies only to the statements or testimony of "that child". Certain referred-to sections deal with elderly individuals.

Section 3 of article 38.071 affirmatively provides that the court shall permit the defendant to observe and hear the testimony of the child involved and to communicate contemporaneously with his "defendant's" attorney, either during periods of recess or by audio contact. And importantly, the court shall permit the attorney for the defendant adequate opportunity to confer with the defendant during cross-examination of the child. Also, upon application by the attorney for the defendant, the court is empowered to recess the proceedings before or during cross-examination of the child to allow the attorney for the defendant to confer with the defendant.

The trial court is authorized to set other conditions and limitations on the taking of the child's testimony that the trial court finds to be just and appropriate, always taking into consideration the interest of the child, the rights of the defendant, and other relevant factors. Section 4 provides similar safeguards. This article subserved a proper, competing interest so as to permit the use of certain procedural safeguards designated to shield a young child witness from the trauma of courtroom testimony. In *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), Justice O'Connor, the writer of the majority opinion, decided that Maryland's statutory procedure allowing for the use of one-way closed-circuit television systems for the receipt of the testimony by a child was not violative of the Sixth Amendment's confrontation clause. The Justice wrote:

Although face-to-face confrontation forms "the core of the values furthered by the Confrontation Clause," [*California v.*] Green, 399 US [149], at 157, 26 L Ed 2d 489, 90 S Ct 1930 [1934], we have nevertheless recognized that it is not the sine qua non of the confrontation right. See Delaware v Fensterer, 474 US 15, 22, 88 L Ed 2d 15, 106 S Ct 292 [295] (1985) (per curiam) ("[T]he Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose [testimonial] infirmities [such as forgetfulness, confusion, or evasion] through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony"); [*State of Ohio v.*] Roberts, supra [448 U.S. 56], at 69, 65 L Ed 2d 597, 100 S Ct 2531 [at 2540] (oath, cross-examination, and demeanor provide "all that the Sixth Amendment demands: 'substantial compliance with the purposes behind the confrontation requirement' ")....

For this reason, we have never insisted on an actual face-to-face encounter at trial in *every* instance in which testimony is admitted against a defendant. (emphasis theirs)

In *Gonzales v. State*, 818 S.W.2d 756 (Tex.Crim.App.1991), the plurality opinion stated in substance that the state constitution has never required that the accused and the witnesses against him actually come "face-to-face" in all situations. The Court of Criminal Appeals reasoned that the process of confrontation has two purposes. The main and essential purpose is to insure the opportunity of cross-examination. But the right of cross-examination is not fixed and inflexible. The Court pointed out that exceptions exist as evidenced by the receipt of testimony of dying declarations and res gestae statements of deceased persons as well as certain reproductions of testimony given by witnesses where a prior opportunity for cross-examination had been fully accorded.

Further, in *Gonzales*, Presiding Judge McCormick wrote:

[T]he *Craig* court outlined the important considerations which would justify a departure from a face-to-face confrontation. Those same considerations are equally applicable in the case before us today. Taking into account first, that there was confrontation in the form of cross-examination in the case before us, and second, the exigencies of the particular case before us, we will not read the right to confrontation guaranteed under our State Constitution as affording appellant the right to face-to-face confrontation. In short, we will use the same analysis applied in *Craig* to determine if the State Constitution has been violated in the case before us.

The appellant here was afforded the safeguards that were approved in *Maryland v. Craig, supra,* and *Gonzales v. State, supra;* and hence, under these authorities the judgment below should be affirmed. I concur.