**Valentine LAREDO, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–05–00808–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 9, 2006.

Dionne S. Press, Houston, for appellants.

Lori Deangelo Fix, Houston, for The State.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant, Valentine Laredo, appeals from his conviction for aggravated sexual assault of a child. A jury found him guilty and assessed punishment at twelve years in prison. In two issues, appellant contends that the trial court erred in admitting a videotape of an interview with the complainant and the outcry testimony of the complainant's mother. We affirm.

### Videotape

The parties are well-acquainted with the facts, so we will not recount them in detail here. We review a trial court's rulings on the admission of evidence under an abuse of discretion standard and will not reverse absent a clear abuse of discretion. *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim.App.2005).

■ In his first issue, appellant contends that the trial court erred in admitting into evidence a videotape of an interview with the complainant. Specifically, he argues that the complainant was not "unavailable to testify" as required under article 38.071 of the Texas Code of Criminal Procedure as a prerequisite to admission. TEX.CODE CRIM. PROC. ANN. art. 38.071. Article 38.071 provides an exception to the hearsay rule for recorded statements of a child younger than thirteen years old in certain categories of cases. *Id.* §§ 1, 5; *Willover v. State*, 70 S.W.3d 841, 842–43 (Tex.Crim.App.2002). Section 1 of the article states that it applies only when "the court determines that a child ... would be unavailable to testify in the presence of the defendant about an offense." TEX.CODE CRIM. PROC. ANN. art. 38.071, § 1. Section 8 explains as follows:

(a) In making a determination of unavailability under this article, the court shall consider relevant factors including the relationship of the defendant to the child, the character and duration of the alleged offense, the age, maturity, and emotional stability of the child, and the time elapsed since the alleged offense, and whether the child is more likely than not to be unavailable to testify because:

(1) of emotional or physical causes, including the confrontation with the defendant; or

(2) the child would suffer undue psychological or physical harm through his involvement at the hearing or proceeding.

(b) A determination of unavailability under this article can be made after an earlier determination of availability. A determination of availability under this

article can be made after an earlier determination of unavailability.

*Id.* § 8.

The trial court held an article 38.071 hearing regarding the admissibility of the videotaped interview of the complainant. At the conclusion of that hearing, the trial court found that the complainant was unavailable to testify and the out-of-court statements were generally admissible. However, the court further found that the statements were testimonial in nature and appellant could not be denied his right to cross-examine the complainant. During trial, an attempt was made to have the complainant testify from the judge's chambers via closed circuit television. After this attempt failed to illicit any relevant testimony from the complainant, the State offered the videotape into evidence, and the trial court admitted it over appellant's hearsay and confrontation objections.[1]

■ Appellant's sole argument on appeal is that the complainant was "per se" available to testify because she did, in fact, testify; thus, the trial court erred in finding that she was unavailable under article 38.071. This characterization is inaccurate. Section 1 of the article limits the inquiry regarding the child's availability to testify to "in the presence of the defendant." The State unsuccessfully attempted to have the complainant testify remotely, outside of appellant's presence. *See*

*generally* TEX.CODE CRIM. PROC. ANN. art. 38.071, § 3 (authorizing remote testimony by closed circuit television). Further, section 1 indicates that the relevant testimony for purposes of determining unavailability is testimony about the offense itself. The record reveals that the complaint essentially refused to answer any questions about the alleged offense, either simply not responding to the questions, stating that she did not remember what happened, or stating that she did not want to talk about it. Thus, contrary to appellant's assertion, the complainant did not in fact testify in any way relevant to the article 38.071 inquiry. Additionally, it is clear that unavailability under article 38.071 is not strictly a matter of physical unavailability. Subsection 8(a) permits the trial judge to consider emotional factors as well as the potential psychological harm that could result from requiring live testimony from a child victim of abuse. *Id.* § 8(a).[2] Also, subsection 8(b) allows a judge to reconsider his ruling regarding availability, which he ultimately did after the complainant refused to testify about the offense. *Id.* § 8(b). Accordingly, the trial court did not abuse its discretion in ruling that the complainant was unavailable to testify. We overrule appellant's first issue.

### Outcry Statement

■ In his second issue, appellant contends that the trial court erred in permit-

1. On appeal, appellant does not raise confrontation objections. *See generally Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

2. In determining that the child was unavailable, the court stated:

The relationship of the defendant and the complainant, although short, was intense, particularly for the child who expressed to several people how much she loved him and she called him her grandpa.... [H]er emotional stability is extremely fragile. Only eight months has elapsed since the

offense.... Based on her behavior at the interview on July 31st in which she cried every time the subject was mentioned and assumed the fetal position, refusing to answer questions, the same type of behavior at the interview on August 1st, 2005, and her behavior in the courtroom at the lunch break yesterday when she got off the stand and tried to hide, and particularly based on Dr. Thompson's testimony, I find that it is more likely than not that this complainant would suffer undue psychological harm through her involvement ... at the trial.

ting the complainant's mother to testify regarding the complainant's outcry statement. Specifically, appellant asserts that the trial court failed to fulfill the requirements of article 38.072 of the Code of Criminal Procedure in that the court did not hold a hearing on the reliability of the statements. TEX.CODE CRIM. PROC. ANN. art. 38.072. Article 38.072 provides that outcry statements meeting the article's requirements are not inadmissible because of the hearsay rule. *Id.* § 2(b). The article requires the trial court to hold a hearing regarding reliability prior to admitting outcry testimony. *Id.* § 2(b)(2). In order to complain about the lack of a hearing, a defendant must preserve the issue for appeal by making an objection in the trial court. TEX.R.APP. P. 33.1(a); *Garcia v. State*, — S.W.3d —, —, No. 14–04–00676–CR, 2005 WL 2429795, at *2 (Tex. App.-Houston [14th Dist.] Dec. 14, 2005, no pet. h.).

Here, appellant contends that he preserved this issue for review by making a hearsay objection during the mother's testimony. In *Long v. State*, the Court of Criminal Appeals held that a hearsay objection—raised immediately before the outcry witness began to testify as to what the child told her—was sufficient to preserve the defendant's complaint about the failure to hold an article 38.072 hearing. 800 S.W.2d 545, 548 (Tex.Crim.App.1990). The court reasoned that the hearsay objection adequately apprised the trial court of the nature of the defendant's complaint regarding the testimony. *Id.*

■ The record in the present case, however, reveals that appellant did not make a timely hearsay objection to the outcry testimony.[3] In fact, appellant made no hearsay objection to the portions of the testimony in which the mother recounted

---

**3.** A brief time line of the mother's testimony and appellant's objections thereto follows. Prior to trial, appellant made a motion in limine to prevent the mother from testifying about any incidents other than the one at issue in this case. Nine pages into her testimony, the mother testified that the complainant said that appellant had touched her. Two pages later, the mother stated that she was the first adult that the complainant told about the touching. Defense counsel then made his first objection, arguing that this testimony was conclusory in nature. On the next page, the prosecutor again asked the mother whether she was the first person to talk to the complainant and whether the complainant indicated that someone had touched her. The mother answered "yes" to both questions. Defense counsel then asked for a "continuing objection" that the questioning about whether the mother was the first person the complainant talked to called for a conclusion. A page after that, the mother stated that the complainant answered her questions in a sad way and started to describe the complainant's demeanor. Defense counsel then made his first hearsay objection, which the trial court sustained. The prosecutor asked the mother what was going through her mind when the

complainant told her about the appellant's conduct, and the mother stated "That everything my sister said about him was true." Defense counsel objected that the testimony was nonresponsive, and the trial court again sustained the objection. The mother then testified over two pages regarding the details of what the complainant told her. Defense counsel made no objections. Two pages further on, the mother recounted a meeting between herself, the complainant, and the complainant's grandmother. Appellant objected on hearsay grounds when the mother described the complainant's reaction during the conversation, and when she started to mention something that the grandmother said. The trial court overruled the former objection and sustained the latter. Seven pages later, when the prosecutor asked the mother whether the complainant curls into a ball when appellant's name gets mentioned, appellant objected on relevance grounds, and the trial court sustained the objection. A page after that, the mother testified that the complainant indicated that appellant had touched the complainant's vagina. Appellant objected as to leading questioning, and the trial court overruled the objection.

the details of the complainant's outcry statement. Appellant did object on hearsay grounds when the mother twice attempted to describe the complainant's demeanor; the trial court sustained one of these objections. Appellant also objected on hearsay grounds when the mother testified as to what the complainant's grandmother had said, and the trial court sustained this objection as well. But when the mother testified regarding the details of the outcry, appellant made no objection at all. Accordingly, we find that he did not adequately apprise the trial court of the nature of his complaint and, thus, did not preserve his complaint for appellate review. *See* Tex.R.App. P. 33.1(a); *Long,* 800 S.W.2d at 548. We overrule appellant's second issue.

We affirm the trial court's judgment.