Opinion issued December 28, 2006








 






In The

Court of Appeals

For The

First District of Texas






NOS. 01-04-00853-CR

 01-04-00854-CR






MURPHY JAMES MITCHELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause Nos. 02CR2601 and 02CR2602






O P I N I O N


 A jury convicted appellant, Murphy James Mitchell, of two charges of
aggravated sexual assault of a child and assessed punishment at 80 years'
confinement on each charge. In three points of error, appellant contends the trial
court erred by (1) admitting the videotaped testimony of the child complainant, (2)
finding that the child complainant was unavailable to testify, and (3) allowing any
testimony by the child complainant after "The Rule" was violated. We affirm.

BACKGROUND

 The complainant, D.P, was four years old at the time of the alleged offense and
six years old at the time of trial. Appellant is her uncle. D.P.'s mother, an outcry
witness, testified that she left D.P. with appellant one day, and when she returned
home, D.P. ran outside "babbling" that appellant had hurt her. When questioned
further by her mother, D.P. told her that appellant had licked her, bit her on her back
and privates, and put his finger in her vagina.

 At trial, the State called D.P. to the stand to testify. D.P. testified at length
about where she went to school, her favorite subjects, what games she liked to play,
and how old she was. However, when the prosecutor tried to question D.P. about the
circumstances of the alleged offense, the following exchange took place:

 [Prosecutor]: Okay. D.P., do you remember on your dad's birthday two
years ago on October 4th?


 [D.P.]: Yes.


 [Prosecutor]: And what happened with your Uncle Murphy that day? 
Can you tell us what happened that day?


 [Defense Counsel]: I would like the record to reflect that she shook her
head in a negative way when you asked that question.


 [The Court]: We'll grant your request. The record will so reflect.


 [Prosecutor]: Do you see your uncle here today? Look all around the
courtroom and tell me if you see him?


 [D.P.]: Huh-uh.


 [Defense Counsel]: I would also like the record to reflect when asked
that question she shook her head in a negative way.


 [The Court]: All right.


 [Prosecutor]: Thank you, D.P. Thank you for answering my questions,
okay. I pass the witness.


 [Defense Counsel]: I don't have any questions either.

 The trial court released D.P., the prosecutor called two more witnesses, and the
trial court then recessed for lunch. (1)

 After lunch, the State attempted to recall D.P. as a witness. The prosecutor
stated that D.P. "informed us that she was ready to tell the truth, that she was shy and
that she was afraid people were going to laugh at her." Defense counsel objected to
the State's attempt to reoffer D.P. as a witness, but the trial court permitted the State
to recall D.P. Once D.P. was on the stand, defense counsel took her on voir dire to
determine whether she had talked to any other witnesses in the case during the lunch
break. Again, D.P was able to testify without problems about what she did during the
lunch break. However, when the prosecutor attempted to resume her direct
examination of D.P. the following exchange took place:

 [Prosecutor]: D.P., can you look up at me? Can you look up at me?

 [The Court]: D.P., do you want a drink of water?

 [Prosecutor]: Okay, D.P., I'm going to ask you some questions. Can you
answer me? D.P., can you answer my question?

 

 [Defense Counsel]: Just for the record please note that there's been no
response.


 [The Court]: All right. I'll let you ask her again. I think you have to
take your chances if she is going to testify.

 

 [Prosecutor]: D.P., do you remember when you were here earlier this
morning? D.P., do you remember when you were here this morning? 
Can you talk into this little black thing right here?


 [Prosecutor]: Okay, Your Honor, we have no further questions.


 [Defense Counsel]: No.

 After D.P.'s inability to answer questions related to the offense, the trial court
found her to be "unavailable" and excused her. The State called its next witness,
Carmen Crabtree, a forensic interviewer at the Advocacy Center for Children in
Galveston County. Crabtree testified that she conducted a videotaped interview of
D.P. shortly after the alleged incident. The videotaped interview was admitted into
evidence and played for the jury, over appellant's hearsay objection, during
Crabtree's testimony.

UNAVAILABILITY OF CHILD WITNESS


 In points of error one and two, appellant contends the trial court erred by
admitting D.P.'s videotaped testimony. Specifically, appellant contends that D.P. was
not "unavailable" as a witness, and that her videotaped testimony was, therefore,
inadmissible under Tex. Code Crim. Proc. Ann. art. 38.071 (Vernon Supp. 2005). 
The admission of the videotaped testimony, appellant argues, violated his state and
federal rights to due process and to confront witnesses.

Did Appellant Waive his Due Process and Confrontation Clause Claims?

 We begin by noting that, when the videotaped testimony of D.P. was offered
by the State at trial, defense counsel said, "Judge we object again, and the basis of our
objection is inadmissible hearsay." After a lengthy discussion of whether the child
witness was unavailable, the State again offered the videotape into evidence. At this
time, defense counsel stated, "Judge, we object again, and the basis of our objection
is inadmissible hearsay." At no point during the entire discussion of the admissibility
of the videotape did appellant claim that his due process rights or his right to confront
witnesses had been violated. 

 Appellant's complaint on appeal is not hearsay, but that he was denied due
process and his constitutional right to confront and cross-examine witnesses used
against him. Appellant made no objection to the videotaped testimony based on an
alleged violation of the confrontation clause or due process grounds. 

 To preserve error, there must be a timely, specific objection. See Tex. R. App.
P. 33.1. Even constitutional error may be waived by failure to object at trial. Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). A defendant waives his
constitutional right to confront witnesses if he does not object at trial. Holland v.
State, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991); Thacker v. State, 999 S.W.2d 56,
61 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). Although appellant raised a
hearsay objection, such objection did not preserve error on his confrontation clause
claim. See Saldivar v. State, 980 S.W.2d 475, 496 (Tex. App.--Houston [14th Dist.]
1998, pet. ref'd). A general hearsay objection does not preserve error on
confrontation clause grounds. Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App.
2005). Hearsay objections and objections to violations of the constitutional right to
confront witnesses are neither synonymous nor necessarily coextensive. Holland,
802 S.W.2d at 700; Thacker, 999 S.W.2d at 61. See also Briggs, 789 S.W.2d at 923-24 (holding that because former Code of Criminal Procedure article 38.71 was not
facially unconstitutional, appellant was required to make confrontation clause and due
process trial objections to preserve those issues for appellate review.). 

 Appellant's hearsay objection did not preserve error on his confrontation clause
and due process claims. Thus, to the extent that points of error one and two are based
on those constitutional provisions, appellant has waived them. We will, however,
consider whether the videotaped interview was properly admitted under article
38.071, over a hearsay objection.

Can A Child Witness be Found Unavailable After Testifying Partially?

 Article 38.071, section 2(a) of the Code of Criminal Procedure provides:

 The recording of an oral statement of the child made before the
indictment is returned or the complaint has been filed is admissible into
evidence if the court makes a determination that the factual issues of
identity or actual occurrence were fully and fairly inquired into in a
detached manner by a neutral individual experienced in child abuse
cases that seeks to find the truth of the matter.


Tex. Code Crim. Proc. Ann. art. 38.071, § 2(a) (Vernon Supp. 2005). However, a
recorded statement is admissible only if the child witness is under 13 years of age and
the trial court determines that the witness is unavailable to testify. Tex. Code Crim.
Proc. Ann. art. 38.071, § 1 (Vernon Supp. 2005).

 Appellant contends that D.P. was not unavailable, as evidenced by the fact that
she actually testified at the trial, albeit on nonessential issues. Appellant cites Matz
v. State for the proposition that article 38.071 does not apply when the child witness
has actually testified at trial, and that the admission of the videotape then constitutes
hearsay. 14 S.W.3d 746, 746 (Tex. Crim. App 2000). An important factor makes
Matz distinguishable. In Matz, the court of appeals noted on remand that the child
witness "testified in detail at trial regarding the egregious acts committed by
Appellant." 21 S.W.3d 911, 912 (Tex. App.--Fort Worth 2000, pet. ref'd). In this
case, however, D.P. was unable to testify about any of the acts committed by appellant.

 The State argues that, even though D.P. was available when the trial began and
testified at length about nonessential matters, the trial court was not precluded from
determining that she had become unavailable when she was unable to testify about the
events giving rise to the charges against appellant. We agree.

 Article 38.071, section 8(b) specifically provides that "[a] determination of
unavailability under this article can be made after an earlier determination of
availability." Tex. Code Crim. Proc. Ann. art. 38.071, § 8 (Vernon Supp. 2005). In
Laredo v. State, 194 S.W.3d 637, 639 (Tex. App.--14th Dist. 2006, no pet.), the child
complainant "refused to answer any questions about the alleged offense, either simply
not responding to the questions, stating that she did not remember what happened, or
stating that she did not want to talk about it." The court of appeals held that, even
though the complainant testified partially, she did not provide relevant testimony for
purposes of determining her availability, i.e., testimony about the offense itself. Id. 
The court also noted that subsection 8(b) allows a judge to reconsider an earlier ruling
regarding availability. Id. The court concluded that the trial court did not abuse its
discretion in concluding that the child witness was unavailable. Id. Accordingly, even
though D.P. testified partially at trial about nonessential issues, the trial court was not
prohibited from determining that she had subsequently become unavailable.

Was the Child Witness Unavailable?

 We turn then to whether the trial court erred in determining that D.P. was, in
fact, unavailable. We review the trial court's ruling for an abuse of discretion,
affording almost total deference to the trial court's determination of historical facts
that the record supports, especially when the findings are based on the evaluation of
credibility and demeanor. Bosquet v. State, 47 S.W.3d 131, 134-35 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd).

 Article 38.071 provides the following factors for determining whether a child
witness is unavailable:

 Sec. 8. (a) In making a determination of unavailability under this article,
the court shall consider relevant factors including the relationship of the
defendant to the child, the character and duration of the alleged offense,
the age, maturity, and emotional stability of the child, and the time
elapsed since the alleged offense, and whether the child is more likely
than not to be unavailable to testify because:


 (1) of emotional or physical causes, including the confrontation with the
defendant; or


 (2) the child would suffer undue psychological or physical harm through his involvement at the hearing or proceeding.


Tex. Code Crim. Proc. Ann. art. 38.071, § 8(a)(1),(2) (Vernon Supp. 2005). The
evidence before the trial court was that appellant was D.P.'s uncle, that D.P. was four
years old at the time of the incident and six years old at the time of trial, and that
appellant was accused of licking D.P., biting her on her back and privates, and putting
his finger in her vagina. 

 At trial, the trial court witnessed D.P.'s inability to testify about the events
giving rise to the charges against appellant. On two separate occasions, D.P. testified
at length about nonessential issues, but when confronted with direct questions about
appellant's conduct, she, in the words of the trial judge, "hid her face and cried and
was unable to testify in response to the questions" and was "so emotionally involved
she could not testify any further." In fact, the prosecutor stated on the record, "The
child is clearly unavailable, Your Honor. She was vomiting on the way out of the
courtroom. She is unable [sic] for testimony." The trial court, in ruling on the
unavailability of D.P. stated as follows:

 [Court]: I held her, at first she was competent to testify, and then found that she
was unavailable when she was unable to answer all the questions because she
was emotionally distraught. That's what was my thinking that she was
unavailable. When you reached the critical point identifying the Defendant she
hid her head and other physical actions or emotions to not respond to your
questions and therefore she was unavailable, and that's the . . . theory the Court
found her to be unavailable at that point. And now she is carrying that over to
playing the video because you held her unavailable as to testify at the trial
because she could not complete her response to the questions because of being
emotionally overcome, correct?


The court later stated, "She's unavailable this time because she became emotional. 
She became unavailable to answer anything."

 It is clear from the record before us that the trial court had sufficient
information, based on the testimony it had already heard and from D.P.'s demeanor
on the stand during her repeated, but fruitless attempts to testify, to conclude that, after
considering the factors set forth in article 38.071, section 8(a)(1),(2), D.P. was
unavailable to testify. See Laredo, 194 S.W.3d at 638 (holding that trial court did not
abuse its discretion in finding child witness unavailable based on her refusal to answer
questions about the offense and behavior in courtroom of leaving stand to hide). As
such, the trial court's finding that D.P. was unavailable was not an abuse of discretion.

Does article 38.071, section 8(a)(1),(2) Require a Separate Hearing and Findings?

 Nevertheless, appellant argues that the trial court should have held a separate
hearing to hear evidence, consider the factors set forth in section 8 of article 38.071,
and make findings thereon. It is true that in many cases, trial courts hold separate
evidentiary hearings to determine the availability of a child witness. See Bosquet, 47
S.W.3d at 134 (stating that trial judge conducted a pretrial hearing to determine
availability of complainant); see also Penegar v. State, 2005 WL 1208155 (Tex.
App.--El Paso 2005, pet. dism'd w.o.j.) (not designated for publication) (stating that
trial court conducted hearing before determining child's unavailability).

 In a similar case, Lively v. State, the appellant argued that the trial court erred
in admitting a child witness's videotaped statement because the trial court had neither
conducted any form of Maryland v. Craig analysis, (2) nor made explicit findings on any
of the Maryland v. Craig factors. 968 S.W.2d 363, 367 (Tex. Crim. App. 1998). The
Court of Criminal Appeals noted that nothing in Maryland v. Craig requires the trial
court to make explicit findings, and that the three findings required by the Maryland
v. Craig factors were implicit in the trial court's explicit ruling that the special
procedure was "necessary to prevent substantial harm to [the child] caused by
appellant's presence in the courtroom." Id. at 367.

 Similarly, nothing in article 38.071 requires the trial court to hold a pretrial
hearing to determine the witness's availability. Indeed, a pretrial hearing could not
have been held in this case because the issue of D.P.'s availability was not an issue in
this case until she was unable to testify at trial. And, although the trial court did not
hold an evidentiary hearing, the court considered the factors in subsection 8 of article
38.071 before making his ruling. Furthermore, the ruling was not without an
evidentiary basis. The trial court had heard D.P.'s partial testimony about her age, her
age at the time of the offense, and her familial relationship with appellant. 
Additionally, the trial court witnessed firsthand the "undue psychological harm" D.P.'s
involvement at the trial was having on her, as evidenced by her steadfast refusal to talk
or answer any questions about the offense and her vomiting as she left the courtroom. 
As such, the trial court's finding that D.P was not "unavailable" is not an abuse of
discretion.

 For the reasons given above, we overrule points of error one and two.

VIOLATION OF "THE RULE"


 In his third point of error, appellant argues that the trial court erred by allowing
D.P. to testify after she went to lunch with two other witnesses, her mother and Officer
Jackson, in an apparent violation of the rule of sequestration of witnesses ("the Rule"). 
See Tex.R. Evid. 614.

 Texas Rule of Evidence 614 provides in relevant part, "At the request of a party
the court shall order witnesses excluded so that they cannot hear the testimony of other
witnesses, and it may make the order of its own motion." Tex.R. Evid. 614. The
purpose of placing a witness under the Rule is to "prevent the testimony of one
witness from influencing the testimony of another." Cook v. State, 30 Tex. App. 607,
612, 18 S.W. 412, 412 (1892); see also Archer v. State, 703 S.W.2d 664, 666 (Tex.
Crim. App. 1986); Hougham v. State, 659 S.W.2d 410, 414 (Tex. Crim. App. 1983)
(Clinton, J., concurring). As a general rule, a witness's testimony cannot be excluded
solely on the grounds that the witness violated the Rule, "although the right to exclude
under particular circumstances may be supported as within the sound discretion of the
trial court." Webb v. State, 766 S.W.2d 236, 241 (Tex. Crim. App. 1989) (quoting
Holder v. United States, 150 U.S. 91, 92, 14 S. Ct. 10, 10 (1893)). We review the trial
court's decision on whether to exclude a witness who has violated the rule for an
abuse of discretion. See Webb, 766 S.W.2d at 245.

 Although D.P. went to lunch with her mother and Officer Jackson, her
testimony after lunch could not have been influenced by the testimony of either of
those witnesses because, when the State called D.P. to the stand after lunch, she was,
again, unable to answer any questions about the circumstances of the offense.

 Realizing this, appellant seems to argue that the trial court should not have
admitted D.P.'s written statement because "the Rule" had been violated. However, we
fail to see how D.P.'s videotaped testimony, which was given two years earlier, could
have been influenced by any violation of "the Rule" at trial.

 We overrule point of error three.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Publish. Tex. R. App. P. 47.2(b).
1. " " 
 
 
 
2.