In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-058 CR


 ______________________


 

LONNIE COMEAUX, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 91428






MEMORANDUM OPINION


 A jury convicted Lonnie Levine Comeaux (1) of indecency with a child; the trial court
sentenced him to fifteen years in prison. 

 In his issues on appeal, Comeaux asserts the trial court committed fundamental error
by allowing hearsay testimony from a State's witness that improperly bolstered the credibility
of the complaining witness. The gravamen of Comeaux's complaint is that because the State
failed to give notice of its intent to use the child complainant's mother as an outcry witness
under article 38.072, the trial court erred in admitting her hearsay testimony. See Tex. Code
Crim. Proc. Ann. art. 38.072 (Vernon 2005). Article 38.072 provides an exception to the
hearsay rule for the outcry statements of children who are victims of certain sexual and
assaultive offenses. Id.; see Martinez v. State, 178 S.W.3d 806, 810-11 & nn.13-15 (Tex.
Crim. App. 2005) (explaining policy basis of exception to hearsay rule). The State must give
notice of its intent to use the outcry statement, the name of the witness through whom it
intends to offer the statement, and a summary of the statement. Tex. Code Crim. Proc.
Ann. art. 38.072, § 2(b) (Vernon 2005). 

 The State gave notice of its intent to use certain outcry statements. The notice did not
include any statements made to the complainant's mother. Comeaux failed to object at trial
to the mother's testimony. The question is whether Comeaux was required to have made a
timely, specific objection at trial. Unless his right to avoid this type of evidence is a right that
is either an absolute, systemic requirement or a "waivable-only" right, he was required to
object. Saldano v. State, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). 

 The Court of Criminal Appeals has held "there is no authority supporting appellant's
assertion that admission of hearsay is fundamental error which can be raised for the first time
on appeal." Moore v. State, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996). "[T]he admission
of hearsay must be preserved with a timely and specific objection to the evidence." Id.
(citing Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991)), Tex. R. App. P. 33.1; 
Reynolds v. State, 227 S.W.3d 355, 370 (Tex. App.--Texarkana 2007, no pet.) (If the State
offers an out-of-court statement pursuant to article 38.072, a defendant must object to the
statement to preserve error for appellate review.); Laredo v.State, 194 S.W.3d 637, 640 (Tex.
App.--Houston [14th Dist.] 2006, pet. ref'd) (Because appellant made no objection when the 
victim's mother testified regarding the details of the outcry, he did not preserve a complaint
for appellate review.). We hold that the trial court's admission of the mother's hearsay
testimony was not fundamental error, and that by failing to object at trial, appellant waived
the issues he asserts on appeal. We overrule appellant's two issues and affirm the conviction. 

 AFFIRMED.


 DAVID GAULTNEY

 Justice 


Submitted on August 24, 2007

Opinion Delivered January 16, 2008

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. The record suggests Lonnie Levine Comeaux is also known as Lonnie Levern
Comeaux.