**AFFIRMED and Opinion Filed June 5, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00078-CR

### ARMANDO RODRIGUEZ ZUNIGA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F-1252672-X**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

A jury convicted Armando Rodriguez Zuniga of the aggravated sexual assault of his six-year old niece and assessed punishment at ninety-nine years' confinement and a $10,000 fine. In a single issue, Zuniga asserts the trial court abused its discretion in designating the forensic interviewer as the outcry witness and allowing her to testify to the niece's out-of-court statements concerning the assault. We affirm the trial court's judgment.

## I.  BACKGROUND

Although convicted of a single assault, Zuniga was charged with continuous sexual abuse of a young child.[1] *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014).  Zuniga contends the trial court erred in designating the forensic interviewer, Jesse Gonzalez, as the outcry witness when the niece reported the abuse to her mother first.  Pursuant to Texas Code of Criminal Procedure 38.072, the State provided notice to Zuniga that it intended to call both the mother and Gonzalez to testify concerning the niece's "outcry."  *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2 (b)(1) (West Supp. 2014).   At trial, however, the State and Zuniga agreed Gonzalez was the proper outcry witness.  The trial court conducted a hearing outside the jury's presence to determine whether the niece's outcry statements to Gonzalez were reliable and, finding they were, designated Gonzalez the outcry witness.  Then, without objection, Gonzalez testified to the niece's outcry statements.

## II.  OUTCRY WITNESS DESIGNATION

In challenging the trial court's designation of Gonzalez as the outcry witness, Zuniga notes the only testimony offered in support of that designation was Gonzalez's "affirmation" at the hearing that "she understood herself to be the 'first person [the niece] told all of the details and the extent of the sexual abuse.'"  Zuniga contends "being the first person . . . 'told all of the details and the extent of the sexual abuse'" does not necessarily qualify a witness as an outcry witness, and the trial court needed, but did not receive, additional information to determine the proper outcry witness.  In response, the State argues, in part, Zuniga failed to preserve any error because he did not object at trial and affirmatively agreed to Gonzalez's designation.

---

[1] The State abandoned this charge at trial and proceeded on the lesser-included offense of which he was convicted.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B),(2)(B) (West Supp. 2014); *Soliz v. State*, 353 S.W.3d 850, 852-53 (Tex. Crim. App. 2011) (aggravated sexual assault of child is lesser-included offense of continuous sexual abuse of child).

### A. Applicable Law and Standard of Review

In child sexual abuse cases, designation of a witness as an outcry witness allows the witness to testify to the child's otherwise inadmissible hearsay or out-of-court statements describing the abuse. For the "outcry" statement to be admissible, the witness must be the first adult the child told of the offense and the trial court must find, following a hearing, that the statement is reliable "based on time, content, and circumstances." *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). The trial court's outcry witness designation, and resulting admission of hearsay testimony, is reviewed for abuse of discretion. *Rodgers v. State*, 442 S.W.3d 547, 552 (Tex. App.—Dallas 2014, pet. ref'd). No review is necessary, however, unless a specific complaint about the witness designation or the admission of the outcry statement is made or preserved at trial. *See* TEX. R. APP. P. 33.1(a)(1); *Watts v. State*, 856 S.W.2d 246, 247 (Tex. App.—Beaumont 1993, no pet.).

### B. Application of Law to Facts

Although Zuniga complains of the trial court's designation of Gonzalez as the outcry witness, he agreed prior to her testimony that she was the proper outcry witness and did not object to the designation or her testimony at any point after that. Relying on *Laredo v. State*, 194 S.W.3d 637, 640 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd), he argues an objection is necessary only when the trial court fails to hold a hearing to determine the reliability of the child's outcry statement and, because the trial court held a hearing here, no objection was necessary. *Laredo*, however, does not stand for that proposition. In *Laredo*, the court of appeals concluded appellant's complaint, that the trial court's failure to conduct a "reliability" hearing rendered the court's designation of the child's mother as the outcry witness improper, was not preserved for review because appellant did not raise the complaint at trial. *Id.* The conclusion is premised on the failure of appellant to complain at trial, not the trial court's failure to conduct a

–3–

hearing, and is consistent with the rule on preservation of error. We conclude Zuniga was required to object at trial.  Because he failed to do so, his complaint is not preserved for review. *See* TEX. R. APP. P. 33.1(a)(1); *Watts*, 856 S.W.2d at 247.  We decide his sole issue against him.

### III.    CONCLUSION

We affirm the trial court's judgment.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


Do Not Publish
TEX. R. APP. 47
140078F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ARMANDO RODRIGUEZ ZUNIGA,
Appellant

No. 05-14-00078-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F-1252672-X.
Opinion delivered by Justice Lang. Justices
Brown and Whitehill participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 5th day of June, 2015.