

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00194-CR

CHRISTOPHER MICHAEL ANDRADE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas,
Trial Court No. 28888B, Honorable Titiana Frausto, Presiding

February 2, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

A jury convicted Christopher Michael Andrade of indecency with a child by sexual contact and assessed him a twenty-year prison sentence. He now challenges his conviction and sentence through five issues. We affirm.

### Issues One and Two

Through his first two issues, appellant complains of the trial court's failure to hold hearings before admitting two categories of evidence. The first was evidence of extraneous sexual offenses against the child victim, and the hearing was purportedly

1

required by article 38.37, § 2-a(2) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a(a) (stating that before evidence described under article 38.37(b) may admitted, the trial judge must conduct a hearing to decide if the supporting evidence is enough to illustrate whether the defendant committed the extraneous offense beyond reasonable doubt). Appellant did not object to the lack of a hearing.

The second concerned the admission of outcry testimony, which may be received subject to the trial court's finding the statement is reliable after conducting a hearing. *Id.* art. 38.072, § 2(b)(2). The purported outcry testimony in question is that of the victim's father. Again, appellant did not object to the lack of a hearing. Indeed, he did not even object to the testimony as hearsay or unauthorized outcry.

Having failed to object to the missing article 38.37, § 2-a(2) hearing, appellant waived that complaint. *See Corporon v. State*, 586 S.W.3d 550, 560 (Tex. App.—Austin 2019, no pet.) (holding that the defendant waived his complaint about the lack of an article 38.37 hearing by failing to object); *Carmichael v. State*, 505 S.W.3d 95, 103 (Tex. App.—San Antonio 2016, pet. ref'd) (involving article 38.37 and holding the same). And, though objecting to improper outcry as hearsay may suffice to preserve a complaint about an omitted article 38.072, § 2(b)(2) hearing, *see Laredo v. State*, 194 S.W.3d 637, 640 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd), one must still object to the testimony. *Id.* at 640–41; *accord Citizen v. State*, No. 13-14-00379-CR, 2015 Tex. App. LEXIS 1203, at *21 (Tex. App.—Corpus Christi Feb. 5, 2015, no pet.) (mem. op., not designated for publication) (stating that a "complaint regarding the failure to hold a reliability hearing under article 38.072 is forfeited if it is not raised at trial and if there is no objection to the outcry testimony"). Appellant did neither and, consequently, waived this complaint, too.

2

***Issues Three and Four***

Appellant's next two issues also involve the admission of outcry. The testimony in question is that of the forensic interviewer whom the State designated as its outcry witness. Allegedly, the trial court erred in admitting it because the interviewer was not the first person over eighteen to which the child victim revealed the assault; allegedly, her father was. Furthermore, according to appellant, the court again failed to hold the requisite hearing before allowing the examiner to impart outcry testimony. We overrule the issues.

We begin with the allegation about the omitted hearing. The record illustrates that appellant objected to the interviewer's testimony as hearsay. Assuming *arguendo* this preserved his complaint, the trial court afforded the parties opportunity to argue their respective positions. So too did it recess the proceeding to read legal authority cited by the State, reconvene the proceeding, and thereafter overrule appellant's objection. This mode of action was tantamount to a bench conference, which has been held to satisfy the need for a hearing. *See Zarco v. State*, 210 S.W.3d 816, 831 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (and cases cited therein).

As for the other aspect of his complaint, appellant believed the victim's father was the true outcry witness, not the interviewer. This was so because he was the first person to whom the victim disclosed the assault, or as argued below, the first person to whom she said appellant "raped" her. Again, the State designated the forensic interviewer as its outcry witness and made the trial court aware of that during its hearing. So too did it explain that the appropriate outcry witness is the individual to whom the victim said the "why, when, and where" of the incident, that is, to whom the victim detailed the incident.

3

On the other hand, the child told her father that appellant "raped" her, according to appellant. Nothing is said within appellant's brief of the child's relating to her father any details of the "rape." Nor did appellant so argue at the hearing.

The State correctly contends that the outcry witness is the first person to whom the victim detailed the offense in some discernible way. *Maturino-Rodriguez v. State*, No. 07-21-00289-CR, 2022 Tex. App. LEXIS 7338, at *6–7 (Tex. App.—Amarillo Sept. 28, 2022, no pet.) (mem. op., not designated for publication). The disclosure must be more than words providing a general allusion that something in the area of child abuse happened. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011).

Here, appellant does not deny that the child told the forensic interviewer of the details underlying what she (the child) called rape.[1] Though a general allegation of being "raped" may carry greater connotation than something like "he touched me," the details remain within the listener's imagination. They are not imparted by the speaker. At the very least, such an interpretation of the word's use would be reasonably debatable. And, that is all which is needed to insulate the trial court's decision from attack, given the standard of review. It is one of abused discretion. *Vidrio v. State*, No. 07-19-00369-CR, 2020 Tex. App. LEXIS 6490, at *5–6 (Tex. App.—Amarillo Aug. 14, 2020, no pet.) (mem. op., not designated for publication). Moreover, discretion is not abused so long as the decision falls within the zone of reasonable disagreement as does the one at bar. *See id*.

---

[1] As the child said: "I, like, kind of knew what the word raped meant, but as far as I knew it was like forced sexual contact, and that's what it was, so that's, like, my best way of putting it at that point."

4

***Issue Five***

Lastly, appellant contends that the prosecutor engaged in multiple instances of improper jury argument, rendering infirm the punishment levied. We overrule the issue.

We were informed of several examples of the alleged improper argument. Yet, appellant objected to none of them below. According to the Court of Criminal Appeals, "[e]ven an inflammatory jury argument is forfeited if the defendant does not pursue his objection to an adverse ruling." *Hernandez v. State*, 538 S.W.3d 619, 622–23 (Tex. Crim. App. 2018). That is, preservation of the complaint includes uttering an objection and obtaining an adverse ruling. Because appellant failed to do so, he waived his fifth issue.

Having overruled each issue, we affirm the trial court's judgment.


Brian Quinn
Chief Justice


Do not publish.