**Affirmed and Memorandum Opinion filed June 8, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00323-CR

**CESAR CARLOS URBINA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Cause No. 2018R-0157**

# MEMORANDUM OPINION

Appellant challenges his conviction for indecency with a child by sexual contact, contending in a sole issue that because a witness was not the first person to whom the complainant reported the sexual abuse, the trial court erred in designating that witness as the outcry witness under article 38.072 of the Code of Criminal Procedure. Concluding that appellant failed to preserve error in the trial court and that even if appellant had preserved error, we would conclude that the trial court did not err as alleged by appellant in his sole issue, we affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant has not challenged the sufficiency of the evidence, and we limit our discussion to facts relating to appellant's sole appellate issue. Appellant was charged by indictment with the offense of indecency with a child by sexual contact. Appellant pleaded not guilty.

At a pretrial hearing conducted by the trial court under article 38.072, section (2)(b)(2) of the Code of Criminal Procedure, the State's proposed outcry witness, Jane Roe,[1] testified as follows:

- She is the sister of the complainant Rachel Roe.[2]

- Jane's husband is John Doe.[3]

- After the charged offense but before the trial in this case, John Doe was deported to another country, and John Doe cannot come back into the United States.

- On May 12, 2018, when Rachel was 11 years old, Jane learned that something had happened to Rachel. On that day, Jane, Rachel, John, and other family members attended a birthday party at a friend's house.

- Appellant was at the party with Jane's mother. At the time, appellant and Jane's mother were in an "on and off" dating relationship.

- Jane, John, their children and Rachel left the party together and returned to the house in which they were living at the time.

- On the way home, Jane noticed that Rachel was "out of it," "not talking to us," and "not there." Jane would talk to Rachel, but Rachel would not pay attention to Jane.

- When they arrived home, everyone went to the kitchen.

---

[1] To protect the privacy of the complainant and other members of her family who testified at trial, we use pseudonyms when referring to them in this opinion.

[2] See footnote 1, *supra*.

[3] See footnote 1, *supra*.

- John talked to Rachel while Jane was just a few feet away and could hear what Rachel said.

- Rachel started crying and said that something had happened at the party. John told Jane that "somebody did this to [Rachel]."

- Then, they "got closer" and "just started talking about what had happened."

- Rachel told Jane that when they were back at the party, Rachel was in the back of the house, and appellant approached Rachel and touched her. Rachel said that then appellant heard kids coming, so he let go of Rachel. After that, Rachel went to the front of the house and sat with Jane. Rachel said that appellant touched her breasts and "private parts," and when she talked about private parts, she motioned to her genitals.

- At the time of this conversation, Rachel was 11 years old, and Jane was 23 years old.

- Jane and John were the first people that Rachel told about what appellant did to Rachel that night.

Three days later, the jury trial in this case began. Jane testified during trial, including testimony as to Rachel's outcry. The jury found appellant guilty as charged and assessed punishment. Appellant has timely appealed the trial court's judgment.

## II. ISSUE AND ANALYSIS

In his sole appellate issue, appellant asserts that because article 38.072, section 2(a)(3)[4] of the Code of Criminal Procedure is limited to the first person to whom the child reported the sexual abuse, the trial court erred by designating Jane as the outcry witness. Appellant contends that John was the first person to whom Rachel reported the sexual abuse and that Jane was the second person to whom Rachel reported this abuse.

Article 38.072 of the Code of Criminal Procedure provides a statutory

---

[4] In his brief appellant asserts that "Article 38.072 §2(a)(2) of the Texas Code of Criminal Procedure is limited to the first person to whom the child reports the abuse." We presume that appellant meant to refer to article 38.072, section 2(a)(3) of the Code of Criminal Procedure.

exception to the rule against hearsay for certain statements in proceedings involving the prosecution of certain crimes, including indecency with a child by sexual contact. *See* Tex. Code Crim. Proc. Ann. art. 38.072, §§ 1, 2 (West, Westlaw through 2021 C.S.); *Rosales v. State*, 548 S.W.3d 796, 806 (Tex. App.— Houston [14th Dist.] 2018, pet. ref'd). Article 38.072 applies to statements that (1) describe the alleged offense, (2) were made by the complainant, and (3) were made to the first person, 18 years of age or older, other than the defendant, to whom the complainant made a statement about the offense. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a). We review the trial court's ruling to admit outcry testimony for an abuse of discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).

## A. Did Appellant Preserve Error in the Trial Court on His Sole Issue?

To succeed on his sole issue, appellant must have preserved error on this complaint in the trial court. *See Laredo v. State*, 194 S.W.3d 637, 639–40 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Thus, we first address preservation of error. At no point during the pre-trial hearing or during trial did appellant assert that Jane was not the first person to whom Rachel made a statement about the charged offense. Neither in the pre-trial hearing nor at trial did appellant object that Jane was not the first person to whom Rachel made a statement about the charged offense and therefore Jane should not be testifying as an outcry witness, or the trial court should not be designating Jane as an outcry witness.

The following exchange during Jane's testimony contains the only trial objection appellant cites on appeal:

> [State's counsel]: What did [Rachel] talk to you about? What did she say?
>
> [Jane]: She said at the party [appellant] had touched her.

[State's counsel]: How and where did she say that happened?

[Jane]: At the party.

[Appellant's counsel]: Objection.

[State's counsel]: Your Honor, she is an outcry witness so an exception to the hearsay rule.

[trial court]: Objection overruled.

To preserve an issue for appeal, a timely objection must be made that states the specific ground of objection, if the specific ground was not apparent from the context. *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). Rule of Appellate Procedure 33.1(a) provides that, "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion" stating the grounds for the ruling sought "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). The purpose for requiring a timely, specific objection is twofold: (1) it informs the trial court of the basis of the objection and affords the trial court an opportunity to rule on it, and (2) it affords opposing counsel an opportunity to respond to the complaint. *Douds*, 472 S.W.3d at 674. As to the specificity requirement, all the defendant has to do to avoid the forfeiture of a complaint on appeal is to let the trial court know what the defendant wants and why the defendant thinks the defendant is entitled to it, and to do so clearly enough for the trial court to understand the defendant at a time when the trial court is in a proper position to do something about it. *Id*. An appellate contention must comport with a timely objection appellant made at trial. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). A general objection does not let the trial court know the basis on which the defendant thinks he is entitled to the relief sought unless the legal basis is obvious to the trial court and

5

opposing counsel. *Gonzalez v. State*, 616 S.W.3d 585, 591 (Tex. Crim. App. 2020). A complaint is obvious if there are "'statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be.'" *Id*. (quoting *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012)).

After Jane began to testify about what Rachel told Jane appellant had done to her, the State's lawyer asked Jane, "How and where did [Rachel] say that happened?" After Jane said, "At the party," appellant's counsel stated "Objection." without stating any ground for the objection. Appellant could have been objecting to the compound nature of the State's last question, that the last question called for a narrative answer, that Jane's answer was inadmissible hearsay or some other objection. Though the State indicated that it thought that appellant was objecting that the last answer was hearsay, no statement or action on the record clearly indicates what the trial court understood appellant's argument to be. *See Gonzalez*, 616 S.W.3d at 591. The legal basis of appellant's general objection was not obvious to the trial court. *See id*. at 591–92; *Laredo*, 194 S.W.3d at 639–41. Appellant did not let the trial court know what he wanted. Did appellant want the trial court to strike the witness's last statement? Did appellant want his objection sustained as to the witness's last statement? Did appellant want the trial court to rule that Jane would not be permitted to testify at trial to any outcry statements by Rachel? Appellant did not clearly communicate to the trial court the basis of his objection. Appellant did not state he was objecting that the witness's statement was inadmissible hearsay. Even if the trial court understood appellant to be asserting a hearsay objection, appellant never complained to the trial court that Jane was not the first person that Rachel told about the alleged offense such that Jane could not qualify as an outcry witness pursuant to article 38.072, section 2(a)(3) of the Code of Criminal Procedure. Appellant never made that argument either during trial or

pre-trial.

Today's case is similar to *Reyes v. State*, No. 14-16-00711-CR, 2017 WL 5196212, at *7–9 (Tex. App.—Houston [14th Dist.] Nov. 9, 2017, pet. ref'd) (not designated for publication). There, appellant complained at trial that he had not been given notice of an outcry witness. On appeal, however, appellant argued for the first time that the outcry witness was not the first person to hear about the alleged abuse. The *Reyes* court stated:

> To preserve an issue for appeal, a party must assert a timely objection on specific grounds, unless the specific grounds are apparent from the context. *See* Tex. R. App. P. 33.1. "As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

*Id*. Although unpublished and not binding on this court, *see* Tex. R. App. P. 47.7(a), the rationale expressed in *Reyes* applies equally well to this case.

Because appellant did not adequately apprise the trial court of an objection to Jane's testimony based on his sole issue, appellant did not preserve this complaint for appellate review. *See Douds*, 472 S.W.3d at 674–77; *Gonzalez*, 616 S.W.3d at 591–92; *Laredo*, 194 S.W.3d at 639–41.

## B. Did appellant commit the error alleged by appellant in his sole issue?

Even if appellant had preserved error in the trial court, we would conclude that the trial court did not commit the error alleged by appellant in his sole issue. The trial court did not abuse its discretion by determining that Rachel's statements describing the alleged offense were made to the first person, 18 years of age or older, other than the defendant, to whom Rachel made a statement about the

offense or by allowing Jane to testify to these statements. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a); *Bargas v. State*, 252 S.W.3d 876, 894–95 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

Rachel first told John that "something had happened at the party" without giving any specific information. However, something more than "words which give a general allusion that something in the area of child abuse was going on" must be said in order to qualify as the first person to whom the child made a statement about the offense. *See Garcia*, 792 S.W.2d at 91. It wasn't until both John and Jane were together that Rachel said what happened at the party. A trial court has "broad discretion" to determine admissibility of outcry evidence and such discretion will not be disturbed absent a clear abuse of discretion. *Id*. at 92.

For the reasons stated above, we overrule appellant's sole issue and affirm the trial court's judgment.


/s/     Randy Wilson
        Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

Do Not Publish — TEX. R. APP. P. 47.2(b).