38,681-02

CAUSE NO 11965(c)
WR-38,681,02

In Re JEFFREY L. WARD
REALTOR

This document contains some
pages that are of poor quality
at the time of imaging.

2nd JUDICIAL DISTRICT
COURT OF CHEROKEE COUNTY
RESPONDANT

In the Court

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 13 2015

Abel Acosta, Clerk

OF

CRIMINAL APPEALS

## SUPPLEMENT OF NEW EVIDENCE

New Evidence in this Cause No. is now brought to this Honorable Courts attention. The evidence indicates that the TWELFTH COURT OF APPEALS, did not ever view the transcript of the 2nd Judicial District Courts evidentuary hearing held July 8, 1993, eventhough it was requested two times. See: Footnote on page 3 of the Judgement of the TWELFTH COURT OF APPEALS. Supplied herein.

See also: A Party's improper suppression, or alteration of future testimony or other evidence constitutes an "admission by conduct" and is evidence that the party is conscious that its case is weak or unfounded. Id. at McQueeney, 779 F.2d at 921 (quoting 2 Wigmore on evidence § 278(2) at 133 (Chadbourn rev. 1979), 922 (quoting McCormick's Handbook on the law of evidence § 273 at 660 (2d ed. 1972)); Cerra Gordo Charity V. Fireman's Fund Am. Life Inc. Co., 819 F.2d 1471, 1478 (8th Cir. 1987). From the party's consciousness that its case is weak or unfounded "may be inferred the fact itself of the Cause's lack of truth and merit." McQueeney, 779 F.2d at 921 (quoting 2 Wigmore on evidence § 278(2) at 133 (Chadbourn rev. 1979)) (emphasis added); See also: Newark Stereotypers; 397 F.2d at 599 [T]he inference indeed is one of the simplest in human experiance. McQueeny,

779 F. 2d at 921 (quoting 2 Wigmore on evidence § 278(2) at 133 (chadbourn rev.(1979)).

We agree that "resort to the suppression...., of evidence indicates not a seeking after justice, but an effort to poison the stream of justice. The reaction is a poison to the cause of him who seeks to use it." Garippa V. Wisotsky. 108 N.Y.S. 2d 67, 74 (1951) (quoting Drummond V. Drummond. 212 Ala. 242, 244, 102 So. 112, 114 (1924)).

See: American Maint & Rentals V. ESTRATA, 896, S.W. 2d at 224.


The TWELFTH Court's Judgement herein, does indicate that neither they, or this Honorable Court of Criminal Appeals, ever was allowed to view the evidentuary hearing transcript. That has caused the ineffective Post-conviction remedy, at its hearing and determination, of its claim of the denial of due process, at the late date of 1998.

Relator prays that this Honorable Court will re-determine applicants Habeas Corpus filed in 1993, and correct the ineffective Post-Conviction remedy determined by this Honorable Court in 1998.

Respectfully Submitted

Jeffrey L. Ward

Jeffrey L. Ward
Relator Pro-Se
# 647619
Mailed April 6th, 2015



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

MARCH 31, 1995

### NO. 12-93-00042-CR

JEFFERY LYNN WARD,
Appellant

V.

THE STATE OF TEXAS,
Appellee

---

Appeal from the Second Judicial District Court
of Cherokee County, Texas. (Tr.Ct.No. 11965)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed and that this decision be certified to the court below for observance.

Tom B. Ramey, Jr., Chief Justice.
Holcomb, C., J., not participating.

# NO. 12-93-00042-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY LYNN WARD,*<br>*APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

Jeffery Lynn Ward ("Ward") appeals his conviction on two counts of aggravated sexual assault and one count of possession of child pornography. After a plea of "not guilty," he was tried before a jury, which returned a verdict of "guilty" on all three counts. Ward raises one point of error in this appeal. We will affirm the conviction.

Ward was charged with one count of aggravated sexual assault against each of two minor female children, J.S. and T.B., occurring on or about July 14, 1992. Ward's sole point of error addresses a problem that arose during trial when T.B., then seven years old, became, in the course of her testimony, unwilling or unable to answer further questions about the charged assault. She had previously testified that she and J.S. had fallen asleep at Ward's residence, and, to a question about what happened, responded "I don't remember that question." The State then requested, and was given, permission ask leading questions, and T.B. testified that Ward did something--she didn't know what--to J.S. in the bathroom. To the State's questions about what Ward did to her, T.B. repeatedly refused to answer, and she indicated to the judge that she didn't want to answer that question. Observing that "She's about to break down right now," the trial judge nevertheless allowed the State to again question her:

```
Q:      [T.B.], still ready to talk about this?
A:      (no response)
Q:      [T.B.], can I ask you just a few more questions?
A:      Okay.
Q:      [T.B.], did Jeff [Ward] touch you?
A:      Yes.
Q:      Where did he touch you?
A:      I don't want to answer that question.
```

The State then passed her, subject to recall, and Ward's counsel announced he would not cross-examine "in light of this young lady's feelings and in light of the stress and trauma that she is obviously going through...."

Later in the trial T.B. was recalled by the State, and again she refused to answer questions regarding what Ward might have done to her. The State then moved to have admitted into evidence the transcript of T.B.'s testimony given in a prior bond revocation hearing. Ward's counsel objected on a number of grounds, and the trial judge delayed his ruling till the next day. The next morning Ward's counsel again vehemently objected to the admission of the bond hearing transcript. In the course of discussing this issue, the court asked the State about the defense's right to admit all of the bond hearing transcript into evidence under the rule of optional completeness. The State agreed that, with some exceptions, the whole transcript could come in, and Ward's counsel then stated:

> Judge, I have no objection to allowing this entire document to be introduced[,] the excising of Mr. Ward's problem of the Sheriff being given a prior conviction that's now on appeal, and any reference in that, that Jeff Ward has had any prior conviction. I welcome this to be introduced if that is the situation.

The judge then asked Ward's counsel whether, if the references to prior offenses were taken out, "...you'd have no objection?" Ward's counsel replied "I have no--I can live with it...." After the jury was brought into court, and the transcript offered by the State, the court asked for objections, and defense counsel stated, "we have no objection, Judge, to the entire transcript being admitted." Ward now challenges the admission of this transcript as his sole point of error, arguing that it was erroneous both under the rules of evidence and the state

2

and federal constitutions.[1]

Ward first argues that the transcript was inadmissible hearsay. The relevant portions of the governing rule provide that:

**(a)** **Definition of Unavailability.** "Unavailability as a witness" includes situations in which the declarant:

. . .

(2)  persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

(3)  testifies to a lack of memory of the subject matter of his statement....

. . .

**(b)** **Hearsay Exceptions.** The following are not excluded if the declarant is unavailable as a witness:

(1)  Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

TEX. R. CRIM. EVID. 804. "Whether evidence comes in under Rule 804(b)(1) is a question for the trial court to resolve, reviewable only under an abuse of discretion standard." *Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Cr. App. 1994).

The record is clear that T.B. was "unavailable" as defined by the rule, since she first suggested she couldn't remember, then persisted in refusing to testify about the incident.[2] Ward argues, however, that it was improper to use testimony from a bond revocation

---

[1] Ward also makes reference, in his brief, to a later, post-judgment evidentiary hearing, in which T.B. recanted much of her former testimony. Though troubling, such testimony has no bearing on the point of error before us today, whether the trial judge erred in admitting T.B.'s former testimony from the bond hearing. Even if those later proceedings were somehow relevant to the question before us, we note that the supplemental transcript and statement of facts relevant to this issue were never filed, because no motion for leave to file them out of time was made, despite notices of such requirement mailed to counsel on November 4, 1993 and December 7, 1993.

[2] The rule requires that the trial court order the witness to answer, and the judge here tried as best he could to get T.B. to answer the questions. Though, with an adult, one would expect the judge to threaten a recalcitrant witness with sanctions, we don't believe that the court is required to threaten a young child with contempt to satisfy the requirement of an order.

*3*

hearing, since he didn't have, in such proceeding, a similar motive to develop T.B.'s testimony.

> Rule 804(b)(1) does not require that in order for prior testimony to be admitted as an exception to the hearsay rule the opponent of the evidence have had an _identical_ motive to challenge the testimony at the prior proceeding as he now has at trial. It requires only that he have had a "similar" motive. "[N]either the form of the proceeding, the theory of the case, nor the nature of the relief sought need be the same." (citation omitted). "[O]nly the particular issue as to which the testimony was first offered must be substantially similar to the issue upon which offered in the current action." (citations omitted). As with opportunity, similar motive _vel non_ must be determined on a case-by-case basis, according to the particular facts and circumstances.

_Coffin v. State_, 885 S.W.2d at 147. Ward argues that the only issue at the bond hearing was the likelihood that he would commit an offense while free on bail, not his guilt or innocence on this charge. But evidence that an accused did in fact commit a newly-charged offense while on bail may be the best, and is sometimes the only, evidence considered in determining whether he is likely to commit an offense while free on bail. _See Putnam v. State_, 582 S.W.2d 146, 151 (Tex. Cr. App. 1979). And an examination of the evidence and argument at the bond hearing demonstrates that, however distinct its purpose from that of a trial on the merits, the central disputed factual issue, whether Ward in fact sexually assaulted the two complainants, was identical in both proceedings, with Ward's interest in each to rebut such allegations. Our conclusion that Ward's counsel in the bond hearing did in fact have an opportunity and similar motive to develop T.B.'s testimony is supported by the _Coffin_ decision, which held that the defendant's counsel had, for Rule 804 purposes, a similar motive to examine a witness in a prior hearing to certify a juvenile as an adult. We therefore hold that the trial court did not abuse its discretion in allowing this earlier testimony into evidence as an exception to the rule against hearsay.

Ward also argues that, even if the admission of this testimony was allowed under the rules of evidence, its use violated the confrontation clause of the Texas and U.S. Constitutions.[3] TEXAS CONSTITUTION, art. I, § 10. U.S. CONSTITUTION, Amendment Six.

---

[3] Although the court of criminal appeals has observed that the literal language of the Texas Constitution is "susceptible to a more affirmative and vigorous interpretation than the comparable confrontation clause of the Sixth Amendment," _Long v. State_, 742 S.W.2d 302, 309 fn.9 (Tex. Cr. App. 1987), _overruled on other grounds,_

He does not, however, cite any cases in which testimony such as that at issue here was excluded because of a violation of the confrontation clause.

The U. S. Supreme Court has recognized that

"the Confrontation Clause reflects a *preference* for face-to-face confrontation at trial," (citation omitted), a preference that "must occasionally give way to considerations of public policy and the necessities of the case."

*Maryland v. Craig*, 497 U.S. 836, 849 (1990)(emphasis in original). It has also acknowledged that

a State's interest in the physical and psychological well-being of child abuse victims may be sufficiently important to outweigh, at least in some cases, a defendant's right to face his or her accusers in court.

*Ibid*. at 853. We thus initially note that there is some flexibility in judging a State's attempts to accommodate the competing values of promoting confrontation and protecting child witnesses.

With respect to hearsay, the U.S. Supreme Court, noting that a literal application of the language of the confrontation clause would exclude all hearsay, has held that

when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.

*Ohio v. Roberts*, 448 U.S. 56, 66 (1980). There is no question that T.B. was "unavailable" at the time of trial, as that term is properly understood. As we discussed above, the use of her prior testimony was proper under the exception to the rule against hearsay codified in the Texas Rules of Criminal Evidence. And there can be no serious question that the use of

---

Footnote continued.

*Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Cr. App. 1990), in practice, the Texas courts have followed the same standards declared by the U.S. Supreme Court in deciding constitutional issues on this subject. *Gonzales v. State*, 818 S.W.2d 756, 764 (Tex. Cr. App. 1991). *Watts v. State*, 856 S.W.2d 246 (Tex. App. -Beaumont 1993, no pet.). We will therefore analyze Ward's claim of constitutional infirmity under the single standard utilized by both jurisdictions.

prior testimony is a firmly established exception to the rule against hearsay. *See Potts v. State*, 26 Tex. App. 664, 14 S.W. 456 (1883), and other English and American cases cited in Annotation: "Use in a criminal case of testimony given on former trial, or preliminary examination, by witnesses not available at present trial," 15 A.L.R. 495 (1921). The use of this prior testimony, then, did not violate the Confrontation Clauses contained in either the Texas or federal constitution.

We further agree with the State that, even if this prior testimony were inadmissable, any objection to it was waived. As set out above, though Ward initially opposed admission of this testimony, he seems to have changed his mind with the prospect of having other testimony from the hearing admitted as well. And the testimony, when offered by the State, was admitted without objection. Failure to object to inadmissible hearsay waives the right to complain of its admission on appeal. *Babers v. State*, 834 S.W.2d 467, 471 (Tex. App. - Houston [14th Dist.] 1992, no pet.). Similarly, the right to raise a violation of one's constitutional right to confront witnesses will be waived if no objection is made to the claimed violation at trial, even if a hearsay objection is lodged. *Cofield v. State*, 857 S.W.2d 798, 804 (Tex. App. - Corpus Christi 1993), *aff'd*, __ S.W.2d __.

Ward's sole point of error is overruled. The judgment of the court below is affirmed.

___TOM B. RAMEY, JR.___
Chief Justice

Opinion delivered March 31, 1995.
Holcomb, C., J., not participating.

PUBLISHED

6
