# NO. 12-15-00114-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| JEFFREY L. WARD, | § | *ORIGINAL PROCEEDING* |
| RELATOR | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Relator Jeffrey L. Ward filed a petition for writ of mandamus complaining that a copy of the reporter's record from a July 8, 1993 evidentiary hearing is presently unavailable. He alleges that the court reporter filed a copy of the record with the Cherokee County District Clerk, but the copy cannot be located. He alleges that the reporter's record is critical to an application for writ of habeas corpus he intends to file challenging his final felony convictions. *See generally Ward v. State*, 910 S.W.2d 1 (Tex. App.–Tyler 1995, pet. ref'd) (affirming Relator's convictions for two counts of aggravated sexual assault and one count of possession of child pornography). We dismiss the petition in part, and deny it in part.

### JURISDICTION AND PREREQUISITES TO MANDAMUS

A court of appeals may issue a writ of mandamus against a judge of a district or county court in the court of appeals district or a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district. TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). Additionally, a court of appeals may issue "all other writs necessary to enforce the jurisdiction of the court." *Id*. § 22.221(a) (West 2004).

To obtain mandamus relief in a criminal case, a relator must demonstrate that he does not have an adequate remedy at law to redress an alleged harm and that the act he seeks to compel is ministerial, that is, not involving a discretionary or judicial decision. *See State ex rel. Young v.*

*Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  If the relator fails to satisfy either aspect of this two part test, mandamus relief should be denied.  *Id*.

AVAILABILITY OF MANDAMUS

Relator names the trial court judge in the underlying criminal proceeding, the present and former district attorneys, and the district clerk of Cherokee County as respondents in this proceeding.  This court's mandamus authority does not extend to the present district attorney or her predecessor or to the district clerk.  *See* TEX. GOV'T CODE ANN. § 22.221(b).  Moreover, Relator does not allege facts that show any abuse of discretion by the trial court judge.  Instead, he speculates generally that, because the district clerk's copy of the reporter's record cannot be located, certain of the respondents have obtained it and withheld it from disclosure.  But he does not allege facts that support his conclusion.[1]  Nor does he explain how his conclusion, even if true, would extend our mandamus authority beyond the trial court judge.  *See* TEX. GOV'T CODE ANN. § 22.221.

After reviewing Relator's petition, we conclude that this court lacks jurisdiction to consider Relator's complaints about the present and former district attorneys and the district clerk.  *See* TEX. GOV'T CODE ANN. § 22.22(a).  Furthermore, he has not shown any abuse of discretion by the trial court judge.  Accordingly, his petition for writ of mandamus is ***dismissed for want of jurisdiction*** in part and ***denied*** in part.

Opinion delivered May 13, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Relator points out that, in its opinion affirming his convictions, this court states that the reporter's record he seeks was never filed in the appeal.  He also refers to later correspondence with a deputy clerk of this court by which he learned that the reporter's record was retained by this court.  The footnote in the opinion explains why the July 8, 1993 reporter's record was never filed in the appeal.  *See **Ward v. State***, 910 S.W.2d 1, 2 n.1 (Tex. App.–Tyler 1995, pet. ref'd).  On May 1, 2015, the reporter's record Relator seeks was returned to the district clerk of Cherokee County.

2

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 13, 2015**

**NO. 12-15-00114-CR**

**JEFFREY L. WARD,**
Relator
v.
**HON. BASCOM M. BENTLEY, III,**
Respondent

ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JEFFREY L. WARD**; who is the relator in Cause No. 11965, pending on the docket of the 2nd Judicial District Court of Cherokee County, Texas. Said petition for writ of mandamus having been filed herein on May 1, 2015, and the same having been duly considered, because it is the opinion of this Court that this Court does not have jurisdiction to consider Relator's complaints about the present and former district attorneys and the district clerk, those complaints should be **dismissed for want of jurisdiction**. Further, because it is the opinion of this Court that Relator failed to show an abuse of discretion by the trial court judge, Relator's petition as to the trial court judge should be **denied**.

It is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied as to the trial court judge and dismissed for want of jurisdiction as to all other respondents**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*