

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-38,681-05

**EX PARTE JEFFREY LYNN WARD, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11965-C IN THE 2ND DISTRICT COURT
### FROM CHEROKEE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault of a child and one count of possession of child pornography and sentenced to ninety-nine years' imprisonment for each of the aggravated sexual assault counts, and ten years' imprisonment for the possession of child pornography count. The Twelfth Court of Appeals affirmed his conviction. *Ward v. State*, 910 S.W. 2d 1 (Tex. App. — Tyler, March 31, 1995).

Applicant contends, among other things,[1] that he is actually innocent, and that he has newly-available evidence in the form of a recantation affidavit by one of the two complainants. The affidavit, which was signed in 1993, appears to have been submitted in connection with a habeas application that was filed in the district court in 1993, but never forwarded to this Court. Applicant alleges (and the appellate opinion mentions) that an evidentiary hearing was held at which one or both of the complainants in this case disavowed their trial testimony. This Court's records suggest that the evidentiary hearing was held on July 8, 1993, but this Court never received a transcript of that hearing. Furthermore, the habeas record in this case does not contain any of the relevant trial documents, an answer from the State, or findings of fact and conclusions of law from the trial court.

Applicant has alleged facts that, if true, might entitle to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the clerk's record and the reporter's record from this case. In addition, the trial court shall supplement the record with a transcript of the 1993 evidentiary hearing. The trial court shall make findings of fact and conclusions of law as to whether there exists newly-discovered or newly-available evidence that Applicant is

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

actually innocent of these offenses. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 23, 2015
Do not publish