

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00289-CR

———————————————————

ZETH DRAVEN BELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1588095D

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Zeth Draven Bell raises two complaints on appeal from his conviction for aggravated sexual assault of a child: (1) the trial court abused its discretion by admitting outcry testimony; and (2) the trial court improperly commented on the weight of the evidence in the jury charge. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B), (2)(B), (f)(1). We affirm.

## Outcry Testimony[1]

In his first point, appellant contends that the trial court abused its discretion by admitting outcry testimony because although the minor complainant testified at trial, she could not recall the offense and did not recall making the outcry. Thus, appellant argues that the complainant was unavailable to testify for Confrontation Clause purposes. *See* U.S. Const. amend. VI; *Crawford v. Washington,* 541 U.S. 36, 59, 124 S. Ct. 1354, 1369 (2004).

### Applicable facts

When she was five, the complainant made an outcry of sexual abuse to her grandmother. After a police investigation, which included the gathering of

---

[1]We dispense with a general recitation of the background facts because the pertinent facts are included in our analysis of each point.

incriminating DNA evidence and an admission of guilt,[2] a grand jury indicted appellant for aggravated sexual assault of a child.

Before trial, appellant filed a motion seeking a hearing on the admissibility and scope of the grandmother's outcry testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(2). After an unrecorded hearing, at which the trial court heard testimony, it "determined, subject to certain limitations, that the testimony . . . would be admissible." Appellant filed a motion to reconsider, and the trial court held another hearing. At the recorded hearing on reconsideration, appellant argued that if the complainant did not remember what had happened, even if physically present and testifying at trial, she would be unavailable to testify under Article 38.072 and the Rules of Evidence; therefore, admitting the hearsay outcry testimony would violate his Confrontation Clause right. *See* Tex. R. Evid. 804(a)(3) ("A declarant is considered to be unavailable as a witness if the declarant . . . testifies to not remembering the subject matter . . . .").

At trial, outside the jury's presence, appellant again objected to the grandmother's testimony on these grounds. *See* Tex. R. Evid. 103(b). Although the then-nine-year-old complainant testified in person, she testified that she did not

_____

[2]Appellant had given a recorded interview to officers investigating the aggravated sexual assault. Later, he also admitted guilt to another officer in the context of discussing a different offense—possession of child pornography.

remember anything about the offense, including talking to the forensic interviewer, hospital nurse, or the police; likewise, she did not remember appellant.

**Analysis**

Under certain circumstances, Article 38.072 provides an exception to the hearsay rule and allows admission of a third party's testimony of a child's statement about sexual offenses against the child. Tex. Code Crim. Proc. Ann. art. 38.072, § 1–2; *see* Tex. R. Evid. 801(d), 802. Among other conditions, the child must testify or be available to testify "at the proceeding in court or in any other manner provided by law." Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(3); *see Buckley v. State*, 786 S.W.2d 357, 360 (Tex. Crim. App. 1990) (holding Article 38.072 constitutional because "a statute allowing for admission as substantive evidence of a pretrial statement of a witness when that witness is made available to testify at trial would not seem to offend confrontation principles").

Appellant argues that the child witness here was unavailable to testify because she lacked memory of the subject matter of her statement. Although appellant cites two intermediate court cases to support his argument,[3] he fails to cite subsequent controlling Court of Criminal Appeals authority, and he does not explain why the underlying reasoning of that authority does not control the outcome here.

---

[3] *See Morrison v. State*, No. 02-05-443-CR, 2007 WL 614143, at *1–3 & n.5 (Tex. App.—Fort Worth Mar. 1, 2007, pet. ref'd) (mem. op., not designated for publication); *Ward v. State*, 910 S.W.2d 1, 3–4 (Tex. App.—Tyler 1995, pet. ref'd).

4

In *Woodall v. State*, the Court of Criminal Appeals held that memory loss does not render a witness absent for Confrontation Clause purposes. 336 S.W.3d 634, 644 (Tex. Crim. App. 2011). The court relied on "three key cases involving the interplay between memory loss and the Confrontation Clause," in which "the [United States] Supreme Court has generally rejected the notion that a present and testifying witness is nevertheless absent for confrontation purposes if the witness suffers from memory loss." *Id.* at 642 (first citing *United States v. Owens,* 484 U.S. 554, 558–60, 108 S. Ct. 838, 842–43 (1988); then citing *Delaware v. Fensterer,* 474 U.S. 15, 20–22, 106 S. Ct. 292, 295–96 (1985); and then citing *California v. Green,* 399 U.S. 149, 161–63, 90 S. Ct. 1930, 1937 (1970)). The court also cited "several federal and state courts [that] have applied *Owens* to *Crawford* claims based on witnesses' memory loss," and it expressly "agree[d] with those cases." *Id.* at 644 (citing cases); *see also Torres v. State*, 424 S.W.3d 245, 256 n.4 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (citing *Woodall* for the proposition "that memory loss does not make a witness who testifies at trial absent for Confrontation Clause purposes"). Because appellant neither distinguishes *Woodall* and the cases cited therein, nor does he argue why we should not rely on it as precedential authority, we overrule appellant's first point.

## Jury-Charge Instruction

In his second point, appellant contends that the jury charge contains an improper comment on the weight of the evidence.

5

**Applicable facts**

Before the State played State's Exhibit 27, the recording of appellant's interview with officers investigating the aggravated sexual assault, appellant objected to the jury's hearing questions in which the interviewing detective purported to tell appellant what the child complainant had said to the children's advocate in her forensic interview.[4] The trial court allowed the jury to see the recording but gave a limiting instruction:

> [P]articularly respecting Exhibit Number 27, any statements that may be made by the detective regarding statements made by another person are not to be considered for the truth of those underlying statements but rather for what effect they may have on the listener of those statements.
>
> Put simply, any out-of-court statement made by a witness is considered hearsay and you are not to consider *what the detective may have said the child said or anybody else said* as substantive evidence as to what the child or other person said but rather how it [a]ffected the listener of that statement.

[Emphasis added.] Appellant did not object specifically to the instruction, but he did ask for and receive a running objection to the jury's hearing the detective's characterization to appellant of the complainant's statements in her forensic interview.

At the trial court's request, both the State and appellant proposed an instruction on the issue for the jury charge. Although those proposed instructions are

---

[4]Appellant objected and obtained a ruling on the record, outside the jury's presence. *See* Tex. R. Evid. 103(b).

not included in the appellate record,[5] the State argued that appellant's instruction was too broad, and appellant argued that the State's instruction was too specific. The State believed that the "hearsay" reference had to be limited to the statements made in Exhibit 27[6] because other hearsay admitted during the trial—i.e., the outcry—could be considered for the truth of the matter asserted; appellant believed that making the instruction specific to the exhibit's statements would be a comment on the weight of the evidence.

The trial court decided that the in-court curative instruction to the jury was not enough on its own, that the charge needed to have the "relevant law" included, and that the relevant law would not "leave a misimpression to non-lawyers that all out-of-court statements are somehow suspect." Thus, the trial court included the following instruction in the charge: "Regarding the defendant's statement to the Arlington detective, the Court instructed you that statements made by [the complainant], specifically in her forensic interview, were not offered for the truth of the matter

---

[5]Appellant's counsel stated on the record that he was marking his proposed instruction as Defense Exhibit 1, but he never offered it into evidence. On the record, he characterized the instruction as follows: "The limiting instruction does acknowledge that the Court allowed these in, so the Court determined it was not hearsay. It just simply says that it was objected to as hearsay by the Defense as such . . . ."

[6]Nevertheless, the State argued that the statements made by the detective during the interview were not hearsay and therefore no limiting instruction was appropriate.

asserted and should not be taken as such." Appellant then objected to the inclusion of this language, and the trial court expressly overruled the objection.

**Error analysis**

According to appellant, the quoted statement violates Article 36.14 of the Code of Criminal Procedure (1) by focusing on a specific type of evidence that could support an element of the offense (2) when the substance of the charge had already been covered by the contemporaneous limiting instruction at trial.

Article 36.14 requires the trial judge to give a jury charge that "distinctly set[s] forth the law applicable to the case" and does not "express[] any opinion as to the weight of the evidence." Tex. Code Crim. Proc. Ann. art. 36.14. "This rule is designed to prevent a jury from interpreting a judge's comments as a judicial endorsement or imprimatur for a particular outcome." *Beltran de la Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019). Thus, a judge generally should not include nonstatutory instructions in the charge "because such instructions frequently constitute impermissible comments on the weight of the evidence." *Id.*; *Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2007). An instruction that "singles out a particular piece of evidence for special attention," even if given in an "innocent attempt to provide clarity for the jury," can cause a jury to focus on that evidence "as guidance from the judge." *Beltran de la Torre*, 583 S.W.3d at 617 (quoting *Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000)). A nonstatutory jury instruction is impermissible when it (1) is not grounded in the Penal Code, (2) is covered by the general charge,

and (3) "focuses the jury's attention on a specific type of evidence that may support an element of an offense or a defense." *Id.* (quoting *Walters*, 247 S.W.3d at 212).

However, three circumstances exist in which a trial court may single out a particular item of evidence in the jury instruction—without impermissibly commenting on the weight of the evidence:

> (1) when the law directs the trial court to attach "a certain degree of weight" or "only a particular or limited significance" to "a specific category or item of evidence";
>
> (2) "when the law specifically identifies it as a predicate fact from which a jury may presume the existence of an ultimate or elemental fact"; and
>
> (3) when evidence "is admissible contingent upon certain predicate facts that it is up to the jury to decide."

*Bartlett v. State*, 270 S.W.3d 147, 151 (Tex. Crim. App. 2008). Here, the State contends that the first exception applies because the Court of Criminal Appeals has given as a specific example of that exception "an instruction limiting the jury's consideration of a particular item of evidence to certain purposes, under Rule 105 of the Texas Rules of Evidence." *Id.*; *see* Tex. R. Evid. 105.

The instruction here called specific evidence to the jury's attention: the police interview with appellant and the complainant's statements during her forensic interview. Also, the jury-charge instruction does not match exactly the limiting instruction given to the jury before the interview was played; that limiting instruction referred not to *the complainant's* actual out-of-court statements to the forensic interviewer but to the detective's characterization of those statements to appellant

9

(without necessarily accurately relaying their content). Arguably, then—but for the limitation to the police-interview recording—the jury-charge instruction could have been read by the jury as instructing it that it could not consider the complainant's actual statements during her forensic interview for the truth of the matter asserted, a reading to which the State had objected.

Even if not an entirely accurate restatement of the prior limiting instruction at trial, the instruction in the charge functioned as a limiting instruction, pointing out to the jury that it could not consider the complainant's forensic-interview statements for the truth of the matter asserted within the context of the police interview of appellant. Thus, the complained-of jury instruction falls within *Bartlett*'s first exception. *See* 270 S.W.3d at 151.

### Harm analysis

However, even if the complained-of instruction could be construed as a comment on the weight of the evidence—by highlighting the fact that the complainant had been forensically interviewed at the time of the offense and made statements in that interview about a sexual assault as charged in the indictment—that error would be harmless.

### Standard of review

We review objected-to jury-charge error under a "some harm" standard, meaning that the error must have been "calculated to injure the rights of [the] defendant." *See* Tex. Code Crim. Proc. Ann. art. 36.19; *Abdnor v. State*, 871 S.W.2d

726, 732 (Tex. Crim. App. 1994); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). In other words, a properly preserved error, unless harmless, requires reversal. *Almanza*, 686 S.W.2d at 171. In reviewing for some harm, we must consider and analyze (1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) other relevant factors present in the record. *Reeves*, 420 S.W.3d at 816; *see also Almanza*, 686 S.W.2d at 171.

### Review of charge, argument, and evidence

According to appellant, the specific evidence highlighted by the trial court that could support an element of the offense was that the complainant had said in her forensic interview that appellant "put his tee tee in her mouth."[7] The indictment alleged that appellant had "intentionally or knowingly cause[d] the mouth of the victim to contact [his] sexual organ." The charge correctly instructed the jury on the elements of the offense and tracked the language of the indictment. Thus, the jury was already properly focused on the highlighted evidence. *See Green v. State*, 476 S.W.3d 440, 446–48 (Tex. Crim. App. 2015); *Brown v. State*, 122 S.W.3d 794, 803 (Tex. Crim. App. 2003). Additionally, the complained-of instruction immediately followed other instructions limiting the jury's consideration of extraneous evidence for particular

---

[7]This evidence was also part of the grandmother's outcry testimony.

11

purposes, so the jury was unlikely to read the instruction as telling it to put a particular weight on the evidence rather than to consider it for only a specific purpose.

Moreover, to the extent that the complainant's statements to the forensic interviewer themselves were referenced as not to be taken for the truth of the matter asserted—instead of the officer's characterization of those statements—any misreading of that instruction would have inured to appellant's benefit. *Cf. Stredic v. State*, 663 S.W.3d 646, 657 (Tex. Crim. App. 2022) (holding that error in providing jury with transcript was harmless, largely because the error benefitted the appellant). The State argued against any limiting instruction in the charge for that very reason.

The State started closing arguments referencing the complainant's statements specifically; however, the prosecutor did not at that time expressly reference the forensic interview, nor did she reference the officer's characterization of the complainant's statements in the interview. In his closing argument, the defense attorney did not talk about the complainant's statements to the forensic interviewer; he referenced the grandmother's testimony briefly but spent most of his argument focusing on disputing the significance of the DNA evidence and reliability of appellant's confession.

In its final closing argument, the State first described the grandmother's outcry testimony in detail and then briefly referenced the forensic interviewer's discussing sensory and peripheral details with the complainant. In the State's only specific reference to the complained-of instruction, the prosecutor characterized it as

pertaining to "statements [in which the detective] was saying this is what [the complainant] said in her forensic interview." She asserted that the detective's characterization of the complainant's statements to the forensic interviewer were offered "for the purpose of [the detective's] clueing [appellant] into what was going on and why she was investigating." The prosecutor then argued that the jury could "absolutely" consider every other statement the complainant made—that is, evidence of every statement other than as characterized to appellant by the detective in his interview—for the truth of the matter asserted.

Thus, the State's argument focused the jury specifically and accurately on the difference between the detective's characterization of the complainant's statements and the content of those statements as given to the complainant's grandmother and the forensic interviewer. Nothing indicates that the complained-of instruction affected the defense's strategy; defense counsel not only had to cast doubt on the DNA evidence and confession, but he also had to argue that the complainant's outcry and forensic-interview statements were unreliable because of her lack of memory at trial. *See Green*, 476 S.W.3d at 449–50. It was the complainant's outcry to her grandmother that was the necessary foundation for the DNA and confession evidence.

Grandmother's testimony about the complainant's spontaneous outcry was specific and detailed; the then-five-year-old complainant clearly referenced a penis, mimed performing oral sex, described semen, and said the event had occurred in the bathroom. Appellant's semen was found on the bathroom floor. Finally, appellant

13

confessed to the offense in two police interviews. Thus, a major dispute at trial was about whether—in light of the complainant's lack of memory and the other incriminating but nevertheless circumstantial evidence—the jury could believe the complainant's outcry at all. *See id.* at 451. In that respect, the fact that the detective might have mischaracterized the complainant's statements in the forensic interview could have inured to appellant's benefit, casting doubt on the reliability of the confession. In light of all of the evidence, therefore, the complained-of instruction was benign, not pointing the jury to any evidence that was not already a primary point of contention. *See id.* at 448.

Considering the remainder of the jury charge, the arguments of counsel, and the entire record, including the fact that any potential misreading of the instruction would likely have inured to appellant's benefit, we conclude that any error in the inclusion of the complained-of instruction was harmless. We overrule appellant's second point.

## Conclusion

Having overruled both of appellant's points, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 8, 2023